[No. 18177. Department Two. December 27, 1923.]

CHARLES H. KALMANS, *Respondent*, v. M. M. LYONS, *Appellant*.[1]

Appeal from a judgment of the superior court for King county, Simpson, J., entered February 28, 1923, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*F. C. Kapp* (*Van Dyke & Thomas*, of counsel), for appellant. *George Gregory*, for respondent.

BRIDGES, J.—There is nothing but a question of fact involved in this appeal. The respondent was the owner of an automobile, and appellant of a motion picture theatre in Seattle. They had preliminary negotiations looking towards the purchase by the respondent of this theatre. His testimony was to the effect that he turned his automobile over to the appellant with the agreement that, if he purchased the theatre, he would be given $500 credit on the purchase price because of the surrender of the automobile, and if he did not purchase the theatre appellant was to pay him $500 in cash, the agreed value of the automobile. On the other hand, appellant contends that, while the preliminary negotiations were pending, the respondent wanted to see his books in so far as they affected the theatre business, and that he would not allow him to see them until respondent had put up the automobile at an agreed price of $500, to be applied on the purchase price if respondent purchased, and to be forfeited if he did not purchase, and that, since respondent failed and refused to purchase the theatre, the automobile became forfeited as a part of the down payment of the purchase price. The trial court found for the plaintiff and gave judgment for $500.

While it may be that the appellant thought he had a contract such as he mentions, it is plain to us that the respondent at no time had any intention of making such an arrangement and did not make any such. In any event, there was a square dispute between the parties as to what the contract was, and a reading of the testimony fails to convince us that the decision of the trial court was against the preponderance of the evidence. Judgment affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.

[1]Reported in 221 Pac. 291.